**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SHAWN MICHAEL THIBEAULT,

    Defendant - Appellant.

No. 20-6105
(D.C. No. 5:19-CR-00081-C-1)
(W.D. OK)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **SEYMOUR** and **MURPHY**, Circuit Judges

Shawn Michael Thibeault was indicted for possession with intent to distribute more than twenty-five kilograms of cocaine in violation of 21 U.S.C. § 841(b)(1)(A). He moved to suppress all evidence seized during the inventory of his vehicle. The district court denied his motion and he pled guilty, reserving his right to appeal the denial of his motion to suppress. Exercising jurisdiction under 18 U.S.C. § 3731, we affirm.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# BACKGROUND

On February 8, 2019, Shawn Thibeault was driving a 2015 silver Volvo with a Tennessee license plate east on Interstate 40 in the vicinity of El Reno, Oklahoma. On that same date, in the same vicinity, an agent with the Oklahoma Bureau of Narcotics (OBN) was working interdiction. The agent initiated a traffic stop of the silver Volvo for speeding. Mr. Thibeault was alone in the vehicle and admitted that he had set his cruise control to a speed that exceeded the posted limit. The agent ran a routine check on his license and discovered there was an outstanding warrant for Mr. Thibeault's arrest in Montana. The agent initially believed it was a non-extradition warrant so he gave Mr. Thibeault a warning and allowed him to continue on his way. Immediately thereafter, however, the dispatcher clarified that the warrant was in fact a nationwide extradition warrant. The agent then pulled Mr. Thibeault over a second time and arrested him on the outstanding Montana warrant. Because Mr. Thibeault was the driver and sole occupant of the vehicle, a tow truck was summoned and an inventory was taken before the vehicle was towed from the shoulder of the highway.

Mr. Thibeault objected to the agents taking an inventory of the contents of his vehicle, stating that he did not give his permission for a "search." The agent explained that it was not a "search" but merely an inventory of the contents of the vehicle, which was necessary because he, as the driver and sole occupant, was being arrested and taken into custody. Under these circumstances, it was necessary to impound the vehicle and inventory the contents. While completing the inventory, the agents discovered a large

2

quantity of cash, which they told Mr. Thibeault they would place in a bag and send with him to the county jail to ensure that nothing happened to it. At that point, Mr. Thibeault stated that he was more concerned with "important art in the car" and other property that he claimed was "worth 20 grand."[1] In completing the inventory, the agents opened the trunk where they found golf clubs, miscellaneous clothing and a suitcase containing approximately twenty-five kilograms of cocaine.

Mr. Thibeault was thereafter indicted for possession with intent to distribute cocaine. He moved to suppress the all evidence seized during the inventory of his vehicle, contending that the impoundment of the vehicle was objectively unreasonable in violation of the Fourth Amendment. More specifically, he challenged the legality of the decision to impound the vehicle and the method by which the inventory was conducted. The district court denied his motion to suppress and this appeal followed.

## STANDARD

"We review the district court's findings of fact for clear error, viewing the evidence in a light most favorable to the district court's findings." *United States v. Trujillo*, 993 F.3d 859, 864 (10th Cir. 2021) (citation and quotation marks omitted). The determination of reasonableness of the impoundment, however, is a question of law which we review de novo. *Id*. The burden is upon the government to demonstrate the reasonableness of the impoundment. *Id*.

---

[1] The OBN dash cam video of the agent's interaction with Mr. Thibeault was recorded and submitted as evidence. *See* Aplt. App. at 61.

## ANALYSIS

Mr. Thibeault challenges the legality of the agent's decision to impound his car for two reasons – that ONB did not have a standardized policy relating to impoundment of vehicles and that the car, parked on the shoulder of the highway, was not a public safety hazard sufficient to justify the community caretaking exception to a warrantless search.

There is no dispute that OBN had a written policy regarding decisions to impound vehicles. Mr. Thibeault argues, however, that the policy is constitutionally deficient because the "OBN policy provides no direction to the individual OBN agents on whether, how, or when to exercise the discretion afforded to them in the OBN policy." Aplt. Br. at 32. We disagree. The OBN policy specifies that "Agents are authorized to remove, or cause vehicles to be removed when the operator of the vehicle has been physically arrested and the vehicle would be left unattended in a public access area or public way." Aplt. App. at 97. That is precisely the situation here. Mr. Thibeault was a Tennessee resident, driving alone, when he was stopped for speeding on a busy interstate highway in Oklahoma. A routine license check revealed an outstanding Montana felony warrant for his arrest. Based on that, the agent was duty bound to arrest Mr. Thibeault and because he was driving alone far from his home in Tennessee, leaving his vehicle parked on the shoulder of the interstate highway was not an option.

The district court found that "OBN's impoundment policies do not lack the appropriate standards, and the agents were justified in concluding that the car needed to be impounded as a potential safety hazard if left on the side of the highway." *Id.* at 201.

4

This is entirely consistent with our precedent: "When an unoccupied vehicle would impede traffic" and the "owner cannot readily arrange for someone to drive it away, law-enforcement officers may impound the vehicle." *Trujillo*, 993 F.3d at 864.

Mr. Thibeault also challenges the inventory search as failing to follow standardized procedures, claiming that the inventory of the vehicle was a pretext for a generalized search. Again, we disagree. At the hearing on the motion to suppress, the agent testified: "That's just our standard operating procedure. When we arrest somebody and there is not a licensed driver to take the car from there on, we inventory it and we impound it." Aplt. App. at 254. Moreover, OBN policy provides: "All vehicles that come under the control of the Oklahoma Bureau of Narcotics will be inventoried for safety and security reasons." *Id*. at 98.

As pointed out by the district court, an inventory search is "a well-defined exception to the warrant requirement" under the Fourth Amendment because it protects an owner's property, insures against claims of lost, stolen or vandalized property and it protects the police from danger. *Id*. at 200 (*quoting Illinois v. Lafayette*, 462 U.S. 640, 643 (1983) and *Colorado v. Bertine*, 479 U.S. 367, 372 (1987)). The district court acknowledged that an inventory search is "reasonable only if conducted according to standardized procedures" and is not simply a ruse for general rummaging designed to discover incriminating evidence. *Id.* at 200-201. *See also Trujillo*, 993 F.3d at 865-866. Here, the government demonstrated a reasonable, non-pretextual community caretaking

5

rationale which justified the decision to impound.[2] Once the decision had been made to impound the vehicle, OBN policy required that an inventory be taken. The district court found "that [the] established procedures [were] constitutionally sufficient . . . particularly given that Defendant told the agents that he had valuable items in the car, there was nothing improper about them performing a thorough inventory search." Aplt. App. at 202. Based on this, the district court concluded that under OBN policy the decision to impound as well as the method by which the inventory was taken was constitutionally sufficient. *Id.* at 202. We agree. Accordingly, we affirm the district court's denial of Mr. Thibeault's motion to suppress.

Entered for the Court

Stephanie K. Seymour
Circuit Judge

---

[2] This was particularly true in light of the fact that Mr. Thibeault told the agent there was "important art" in the car as well as other property "worth 20 grand." *See* Aplt. App. at 61, Dash Cam Video of second stop, at 9:15-9:22.